# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION
## 1:07cv158

| | |
|---|---|
| WAYNE WALLINGFORD, SUSAN WALLINGFORD, and BRANDON WALLINGFORD, <br><br> Plaintiffs, <br><br> v <br><br> BROOKE BIEBER, and ALEXANDER BIEBER, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court upon the plaintiffs' Motion for Admission *Pro Hac Vice* (#2) of Demosthenes Lorandos of Lorandos & Associates, 214 North Fourth Avenue, Ann Arbor, MI 48104, to appear as counsel for the plaintiffs in this matter filed on April 26, 2007. On May 3, 2007, this court entered an Order allowing Mr. Lorandos to appear without association of local counsel, which this court calls "special admission." Traditionally, such admission without association of local counsel is allowed only where the retention of local counsel does not appear necessary based on a low amount in controversy or simplicity of the issues.

Since May 3, 2007, the court has more closely reviewed the Complaint and determined that the amount in controversy is not small and that issues are most complex. Plaintiffs' claims appear to stem from a custody battle in another jurisdiction and are between family members. It appears from the Complaint that plaintiffs are the grandparents and natural father of a child, who resides with defendants, who reside in Michigan; defendants appear to be the custodial natural mother and her spouse who reside in North Carolina.

Plaintiffs' claims are based, *inter alia*, on events that have purportedly occurred during Mrs. Bieber's alleged custody, parenting, and decisions as to the upbringing of the child. Plaintiffs have asserted claims against these defendants for intentional infliction of emotional distress, breach of fiduciary duty (a claim against Mrs. Bieber only), and a claim which is entitled "intentional interference with advantageous economic relationship." Plaintiff's claim for damages is as follows:

## DAMAGES

58. Plaintiffs incorporate all paragraphs above as if fully set forth herein;
59. The damages to the Plaintiffs proximately caused Defendants, each of them, include but are not limited to:
    (a) humiliation;
    (b) outrage;
    (c) indignity;
    (d) conscious pain and suffering;
    (e) loss of custody, society and companionship of their family;
    (f) mental suffering and sorrow;
    (g) headaches and the physical *sequelae* of emotional stress;
    (h) grief, anger, horror, fright;
    (i) the stress and costs of legal fees and scores of court appearances;
    (k) and all damages fair and equitable under the circumstances.
60. Plaintiffs claim that the acts of these Defendants and the damages to Plaintiffs proximately flowing from those acts entitle them to Exemplary damages, because the acts of the Defendants:
    (a) Caused injuries to Plaintiffs' feelings not capable of precise computation;
    (b) Caused Plaintiffs intensified injury due to the Defendants' acts of bad faith or ill will;
    (c) Caused Plaintiffs intensified injury due to the willful and wanton nature of the Defendants' acts;
    (d) Caused Plaintiffs intensified injury due to the sheer reprehensibility of the Defendants' conduct;
    (e) Caused Plaintiffs intensified injury attributable to Plaintiffs indignation and outrage.
61. Plaintiffs claim that the acts of the Defendants and the damages to Plaintiffs proximately flowing from those acts entitle them to Punitive damages pursuant to 42 USC '1983.

Complaint, at 16-17. Not only do plaintiffs seek damages and punitive damages, they seek damages under 42, United States Code, Section 1983, which is in-and-of

itself a novel proposition where from the face of the Complaint defendants do not appear to be state actors.

Based on the novel context in which plaintiffs have made their claims as well as the novelty of the request for damages, and it appearing that these issues are complex and that the court as well as the parties would benefit from the presence of local counsel, the court will withdraw its previous Order, allow counsel for plaintiffs to proceed without local counsel for 30 days so that local counsel can be found, and credit him with the previous payment of the special admission fee to be applied to admission with local counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that the court's earlier Order is withdrawn, plaintiffs' motion is **DENIED**, Mr. Demosthenes Lorandos is allowed to appear as counsel of record in this matter for 30 days without local counsel, and plaintiff is thereinafter required to hire local counsel to appear with and move for Mr. Lorandos' admission.

Signed: May 11, 2007

Dennis L. Howell
United States Magistrate Judge