# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv158

| | |
|---|---|
| WAYNE WALLINGFORD, SUSAN WALLINGFORD, and BRANDON WALLINGFORD, <br><br> Plaintiffs, <br><br> v <br><br> BROOKE BIEBER, and ALEXANDER BIEBER, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court upon a pro se pleading submitted by defendants on May 24, 2007 (#9), and plaintiffs' Motion to Strike or, Alternatively, Response to defendants' Motion to Dismiss, and Supporting Brief (#10). The court has construed defendants' pleading to be a Motion to Dismiss and a Motion to Stay pending resolution of a state-court action, which defendants contend involve the same issue underlying this case, to wit, custody and visitation of Mrs. Bieber's daughter.

Inasmuch as defendants are proceeding *pro se*, the court will undertake to provide procedural advice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Defendants, who are proceeding *pro se*, are cautioned that they carry certain procedural burdens in responding to a motion to strike their motions to dismiss and stay. Under the Local Rules of this Court, motions must be accompanied by memoranda of law and a party that opposes a motion must file a responsive memorandum of law within certain time frames. In accordance with Roseboro, supra, the court will enlarge these time periods so that the pro se parties may either respond or obtain counsel to assist in such response.

First, defendants are advised that while they may represent themselves in federal court, the procedures governing the progress of this action are governed by complex rules. Second, it appears that defendants are trying to argue that this case should be stayed or dismissed pending resolution of a state court case which they contend involve the same issues, which is custody and visitation of Mrs. Bieber's daughter. Even when all parties are represented by experienced lawyers, staying a case is federal court is a complex legal issue and often involves consideration of "doctrines" that have been created by the United States Supreme Court. Third, and finally, review of the Complaint reveals that plaintiffs are seeking substantial damages based on claims that appear to be novel, while defendants are contending that these claims have not been brought in good faith but to harass them. Defendants are advised that what they are contending is that Rule 11, Federal Rules of Civil Procedure, has been violated by plaintiffs and their counsel in filing this lawsuit. As with a motion to stay or dismiss, such a contention is most complex and requires that certain affirmative steps be taken by defendants before the court can consider remedial action. Thus, defendants have presented to the court motions to stay, dismiss, and for sanctions, all of which involve complex legal considerations and all without the assistance of counsel.

With those considerations in mind, defendants are advised that they are attempting to defend themselves in a lawsuit that appears, at least from the initial pleadings, to involve quite complex issues. Some of these issues have proven hard to master even by experienced federal practitioners. While defendants have stated in the pleadings that they cannot afford counsel, they are advised that they should seriously consider hiring counsel inasmuch as the issues they wish to present are

complex and what is at stake appears to be substantial. While the merits of this case are not yet properly before the undersigned, defendants are advised that substantial rights that they have in defending this action could be forever lost if they are not properly presented.

Inasmuch as the court previously allowed plaintiffs 30 days to find local counsel, the court will treat defendants in the same manner. While the court cannot *require* defendants to hire counsel, they are strongly advised to seek the assistance of counsel within the time allowed. At the conclusion of the 30 day time for finding counsel, defendants shall have 14 days within which to file their brief in response to plaintiffs' Motion to Strike. If defendants already have counsel in the state court proceeding, they should give such attorney a copy of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants have up to and inclusive of July 27, 2007, within which to retain counsel if they choose to do so, and up to and inclusive of August 11, 2007, within which to file, through counsel or *pro se,* their brief in response to plaintiffs' Motion to Strike.

Signed: June 25, 2007

Dennis L. Howell
United States Magistrate Judge

3